In re Anthony Francis **CUTAIA**, Debtor.

Bankruptcy No. 94–30982–BKC–SHF.

United States Bankruptcy Court,
S.D. Florida.

March 31, 1997.

Defendants finding a renewed motion to dismiss in the State Court rearguing these other grounds for dismissal.

Michael R. Bakst, Ackerman, Bakst & Cloyde, P.A., West Palm Beach, FL.

John T. Lortie, Special Assistant U.S. Attorney, Sunrise, FL.

### *ORDER*

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court February 4, 1997, for consideration of the Chapter 7 Trustee's objection to the Internal Revenue Service's proof of claim. The IRS has filed a proof of claim, asserting it has a secured claim in all of the Debtor's property. The Trustee contends that none of the Debtor's personal or real property came into the estate upon which the IRS's lien should attach. Instead, the Trustee contends, the IRS has a priority tax claim and not a secured claim. Having considered the arguments of counsel and for the reasons set forth below, the Court sustains the Trustee's objection and finds that the IRS holds a priority tax claim.

The facts in this case are not unusual. When the Debtor filed his Chapter 7 petition, there were four assets that were not claimed as exempt: his interest in A.F. Cutaia & Company, L.P., K–Swan Limited Partnership, Woodland Development, L.P. and Cutter Realty Group, Inc. (the "Assets"). On October 11, 1994, the Trustee filed a motion to approve a settlement with the Debtor whereby the Debtor agreed to buy the Assets for $20,000. There were no substantive objections to the settlement and the Court approved the settlement. On February 20, 1996, the Trustee objected to the claim of the IRS and stated in his objection that the "[c]laim is filed as a secured tax claim for $18,049.68. No personal or real property came into this estate that claimant's lien

attached. [sic] The claim should be allowed as a priority tax claim for $18,049.68." The IRS contends, and it is not disputed, that it holds a federal tax lien on all of the Debtor's real and personal property. Thus, the IRS contends that its lien has attached to the proceeds generated by the Trustee's sale of assets.

The Trustee attempts to distinguish between selling property of the estate and settling with the Debtor for the value of the Debtor's non-exempt assets. Such a position argues form over substance. The Trustee, in the performance of his duty to maximize the amount generated for the benefit of creditors, disposed of the property. If one disposes of property and receives money in exchange, he sells the property. The real issue is whether the Assets were sold "free and clear of liens" or "subject to liens". If the Assets were sold "free and clear of liens" then the IRS is entitled to the proceeds held by the Trustee. However, if the Assets were sold "subject to liens" the IRS must look to the assets to recover their liens, as the lien of the IRS remains intact against the Assets.

The present issue was indirectly considered in the case of *In re Parrish*, 171 B.R. 138 (Bankr.M.D.Fla.1994). In that case, the Chapter 7 Trustee sold debtor's tools back to the debtor for $1,500. The tools were valued at $6,302 and subject to a creditor's lien. Sometime after the sale, the creditor sought relief from the automatic stay to assert its rights against the tools. The court first looked to the sale to determine whether the property had been sold "free and clear of liens," and determined that the statutory requirements of 11 U.S.C. § 363(f) must be satisfied in order to sell property "free and clear of liens." The court concluded that "if the notice procedure mandated by the Rules is bypassed, the sale does not extinguish that creditor's lien. The purchaser accedes to title, but does so caveat emptor." *Id.* at 140. The court also noted:

"[w]hen a trustee sells property, the sale is ordinarily 'as is' and without warranties either as to title or condition. More importantly, property sold by a trustee includes any existing and unsatisfied liens. Thus, the Debtor purchased the [assets] at

his own risk and acquired whatever interest, if any, the Trustee had in the [assets]."

This Court agrees with the reasoning in *Parrish* and its conclusion that if property of the estate is sold free and clear of liens by the trustee or the debtor, the trustee or debtor must comply with the requirements of 11 U.S.C. § 363(f) and Federal Rule of Bankruptcy Procedure 6004(c). Failure to do so will render a sale to be "subject to liens". In this case, the Trustee merely filed a motion to approve settlement and did not file a motion for authority to sell property free and clear of liens as required by Bankruptcy Rule 6004. Consequently, the sale of the Assets is deemed to be one that was subject to the liens of the IRS and any other creditors holding a lien on the Assets. Accordingly, it is

ORDERED that the Trustee's objection to the claim of the IRS is sustained. The claim of the IRS is allowed as a priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $18,049.68.